**Harpal Kaur SRAN, Petitioner,**

v.

**John ASHCROFT, Attorney General,[*] Respondent.**

No. 02–74158.
Agency No. A72–122–208.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[**]

Decided Dec. 16, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, John D. Williams, Esq., Anthony P. Nicastro, Esq., Washington, DC, for Respondent.

---

[*] We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM ***

Harpal Kaur Sran, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for her findings based on inconsistencies between petitioner's testimony and application going to the heart of her claim, including regarding her injuries during detentions, whether she was hospitalized, and how she obtained release after the first arrest. *See id.* at 1043.

Because petitioner failed to show that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's vol-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

untary departure period will begin to run upon issuance of this court's mandate.

PETITION DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the